UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELLA MANKO,

                    Plaintiff,

          -against-

ALICE SCHLESINGER, ET AL.,

                    Defendants.

12-CV-9059 (LAP)

ORDER DENYING MOTION

LORETTA A. PRESKA, United States District Judge:

      Plaintiff filed this action *pro se* and *in forma pauperis*

("IFP"). By order dated January 14, 2013, the Court dismissed

this action, arising out of state-court litigation, for failure

to state a claim on which relief may be granted.  (ECF 5.)

Additionally, the Court ordered Plaintiff to show cause why she

should not be barred, under 28 U.S.C. § 1651, from filing any

further actions IFP in this court without first obtaining

permission to file a new complaint.[1]  (ECF 5.)  In response,

---

[1] In that order, the Court noted that: (1) Plaintiff had a
history of engaging in frivolous litigation in this district;
(2) Plaintiff had previously been warned that a filing
injunction could issue if she persisted in filing frivolous
complaints; and (3) Plaintiff was already barred from filing IFP
complaint in the United States District Court for the Eastern
District of New York. See Manko v. Steinhardt, No. 12-CV-2964
(E.D.N.Y. Aug. 30, 2012), *appeal dismissed as frivolous*, Nos.
12-3220(L), 12-4156 (Con) (2d Cir. Nov. 8, 2012) (warning
Plaintiff that "the continued filing of duplicative, vexatious,
or clearly meritless appeals, motions, or other papers regarding
issues already resolved by this Court will result in the
imposition of sanctions, which may include a leave-to-file"
sanction).

Plaintiff filed a notice of appeal and motions seeking various forms of relief.  (ECF 6, 7, 9.)  The Court granted Plaintiff a 30-day extension of time to comply with the order to show cause, but denied the other relief sought.  (ECF 8.)  The Court of Appeals dismissed Plaintiff's appeal on default.  See Manko v. Schlesinger, No. 13-1064 (2d Cir. June 17, 2013).  Plaintiff did not respond to the order to show cause, and on July 11, 2013, the Court imposed the Section 1651 bar order.  (ECF 11.)  The Court of Appeals dismissed Plaintiff's subsequent appeal on default.  See Manko v. Schlesinger, No. 13-3172 (2d Cir. Dec. 2, 2013).

More than 11 years later, on August 17, 2025, Plaintiff filed a motion, exceeding 1400 pages, "seeking leave to file." (ECF 21.)  Most of the attachments are filings from Plaintiff's state-court matters.  (Id.)  Plaintiff seeks an order: (1) reopening this matter; (2) vacating the bar order; (3) directing service of the original complaint; and (4) vacating a 2019 state-court judgment from the New York State Supreme Court, Kings County.  (Id. at 1.)  For the following reasons, the motion is denied.

### DISCUSSION

Under Rule 60(b), a party may seek relief from a federal district court's order or judgment for the following reasons:

2

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's submission, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Plaintiff most recent submission is not a departure from her pattern of attempting to relitigate matters that have either already been decided, or over which this Court lacks subject matter jurisdiction. To the extent that Plaintiff also seeks relief under Rule 60(b)(1) through (5), her motion is also denied.

Inasmuch as Plaintiff seeks relief under Rule 60(b)(6), the motion is further denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009) (quoting Smith v. Sec'y of HHS, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that

"'extraordinary circumstances' [exist] to warrant relief." Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc., 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6), or that she filed the motion within a reasonable time.  See Ackermann v. United States, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

The Court denies the motion seeking leave to file in its entirety and directs the Clerk of Court to terminate it.  (ECF 21.)  This matter is closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated:  December 11, 2025
        New York, New York

_Loretta A. Preska_
_____
    LORETTA A. PRESKA
United States District Judge

4